# In the United States Court of Federal Claims

**No. 07-612C**
**(Filed: September 6, 2007)**

**ORDER FILED UNDER SEAL**

| | |
|---|---|
| **CWT/ALEXANDER TRAVEL, LTD,** | |
| **and** | |
| **CWT/EL SOL TRAVEL, INC.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **THE UNITED STATES,** | |
| **Defendant.** | |

## ORDER ON MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Pending before the court in this bid protest action is the plaintiffs' motion to supplement the Administrative Record. The plaintiffs, CWT/Alexander Travel, Ltd. ("Alexander Travel") and CWT/El Sol Travel, Inc. ("El Sol Travel") (collectively "plaintiffs"), filed this action on August 17, 2007, seeking to terminate and recompete five travel service contracts awarded by the United States Army ("Army") under Solicitation No. W91QUZ-04-R-0007 ("Solicitation") to AirTrak Travel ("AirTrak"), WingGate Travel ("WingGate"), and Alamo Travel Group ("Alamo"). The plaintiffs contend in their complaint that: (a) a delay in the start date of the contracts by more than

two years[1] and changes to the scope of the contracts constituted cardinal changes to the contracts awarded under the solicitation; or, in the alternative, (b) the commencement of the contracts more than two years after the Solicitation is, in essence, the procurement of new sole-source contracts in violation of the Competition in Contracting Act, 41 U.S.C. § 253 (1988) ("CICA"). The plaintiffs also charge that the government will violate CICA by allowing the awardees to increase prices through various modifications, thereby fundamentally changing the basis of the contract award.

In connection with these claims, the plaintiffs seek to supplement the Administrative Record with the following:

> (a) All communications or documents (including e-mails) reflecting communications, either internal to the Government or between the Government and any of the three awardees or a representative of them, since the date of the contract awards through today regarding:
>
> (i) Commencement/delay of contract performance;
> (ii) Potential or actual extension of the contract period, including options;
> (iii) Any change or adjustment to locations requiring travel service;
> (iv) Any change or adjustment to workload requirements at any location;
> (v) Any reference to use of the Defense Travel System ("DTS") in connection with Military Entrance Processing Stations ("MEPS") travel services;
> (vi) Potential or actual price adjustments;
> (vii) Potential or actual equitable adjustments;
> (viii) Change or potential change in staffing or resources provided by awardees to perform the contracts; and
> (ix) Potential or executed contract modifications.
>
> (b) All communications between the Government and AirTrak, Alamo, or WingGate regarding proposed or actual equitable adjustments to prices, or proposed or executed contract modifications under contracts awarded in early 2005 to provide travel service to various Air Force bases under Solicitation W91QUZ-04-0003.

---

[1]The contracts were anticipated to begin on April 1, 2005; the currently scheduled start date is October 1, 2007.

Pl.'s Mot. to Supp. at 2. The Air Force contract awarded under Soliciation No. W91QUZ-04-0003 is not before the court.

The defendant, the United States ("defendant" or "government"), contends that the current Administrative Record provides sufficient information for the court to evaluate the merits of the plaintiffs' bid protest. The government asserts that the central issue before the court is whether the modifications made to the original contracts changed the scope of the contract so substantially as to constitute a cardinal change sufficient to violate CICA, and that the documents included in the current Administrative Record, including the Solicitation, the six contracts awarded under the Solicitation, and all contract modifications since the contract award date, meet the record-review requirements set forth under Rule 52.1 of the Rules of the United States Court of Federal Claims. The government further represents that, since the contract award date, the only significant contract modifications were made to delay the commencement dates for contract performance, and that the delays were due to a prior appeal of the award under the Contract Disputes Act. Finally, the government contends that no contract modifications have been made to the contracts at issue with regard to pricing, but that the government anticipates price modifications being made within the next two weeks, at which time the government will supplement the Administrative Record. These representations by counsel in her pleading are not supported by reference to the Administrative Record.

This court's review of agency actions in a bid protest is governed by the standards set forth in the Administrative Procedures Act, 5 U.S.C. §§ 701-706 (2000) ("APA"). 28 U.S.C. § 1491 (b)(4) (2004); Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332-33 (Fed. Cir. 2001). A review of bid protest actions under this section have been typically limited to information contained in the Administrative Record. Impresa, 238 F.3d at 1332-33. See also Cardinal Maintenance Service, Inc. v. United States, 63 Fed. Cl. 98, 105 (2004); SDS International v. United States, 48 Fed. Cl. 742, 747 (2001). "Supplementation of the administrative record is appropriate, however, when materials outside the record are necessary to preserve a meaningful judicial review." SDS International, 48 Fed. Cl. at 747 (internal quotations omitted). In determining whether supplementation of the Administrative Record is appropriate, the court may consider, among other factors, "whether the record provides an adequate explanation to the protester or the court as to the basis of the agency action." Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 350 (1997). Thus, the court may order the agency to provide an explanation for its action if the explanation would be helpful for judicial review of the agency's decisions. Impresa, 238 F.3d at 1338.

The court agrees with the government that the central issue in this case is whether modifications made to the contracts at issue constitute a cardinal change in the contracts

such that they were made in violation of CICA. To this point, the majority of modifications made to the contracts were to change the start date of the contracts.[2] The government asserts that "[t]hese delays were the result of a prior appeal pursuant to the Contract Disputes Act and a subsequent settlement agreement with incumbent contractor – and plaintiffs' business affiliate – CW Government Travel, Inc." Def.'s Resp. Br. at 7. The government also asserts that the contracting officer will issue a contract modification to each of the protested contracts to adjust transaction fees to be paid by the awardees in accordance with provisions in the contracts. Def.'s Resp. Br. at 9, n. 5.

While an agency's decision is entitled to a presumption of regularity, Impresa, 238 F.3d at 1338, where the government has offered an explanation for its actions through counsel, the court finds that an affidavit from the responsible contracting officer explaining those decisions is appropriate to make the Administrative Record complete. Therefore, the government will be required to present affidavits to support the claims made in the pleadings. Unless the plaintiffs can demonstrate that the offered explanations are not legitimate, no further supplementation will be allowed. See Impresa, 238 F.3d at 1338.

For the foregoing reasons, the plaintiffs' motion to supplement the Administrative Record is **GRANTED-IN-PART** and **DENIED-IN-PART**. The government shall provide, by **Tuesday, September 11, 2007**, an affidavit from the contracting officer including an explanation for the modifications made to the contracts changing the contract commencement dates and any price modifications that have been made.

**IT IS SO ORDERED.**

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge

[2] Modification P00002 to each contract changed the start date of the contracts to April 1, 2006. Modification P00003 to each contract changed the start date to October 1, 2006. Modification P00005 to the WingGate and Alamo contracts and Modification P00006 to the AirTrak contract changed the start date to October 1, 2007. AR 2506-2521, 2649-2662, 2790-2801, 2929-2940; 3068-3081.