# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| **CWT/ALEXANDER TRAVEL, LTD,**<br>**and**<br>**CWT/EL SOL TRAVEL, INC.,**<br>**Plaintiffs,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant.** | **Case No. 07-612**<br>**Judge Nancy B. Firestone** |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF AND HEARING ON PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs CWT/Alexander Travel, LTD ("Alexander Travel"), and CWT/El Sol Travel, Inc. ("El Sol"), by their undersigned counsel, respectfully move for reconsideration of and a hearing on Plaintiffs' Motion to Supplement the Administrative Record so that the Administrative Record might be made complete.

Plaintiffs' Motion to Supplement the Administrative Record, filed on August 31, 2007, respectfully requested that the Administrative Record be made complete by supplying existing documents that are directly relevant, including any information regarding the deliberations, evaluations, decisions, and justifications prepared by or for the United States Army (the "Army," the "Agency," or the "Government"), as well as all communications between the Government

and contractors regarding the delay in commencing performance or extending the total contract period and consequences thereof, of the Government travel service contracts identified in Plaintiffs' Motion to Supplement the Administrative Record.

The Government's Opposition to Plaintiffs' Motion to Supplement the Administrative Record, filed on September 5, 2007, refused to include any of the documents requested. While allowing for limited affidavits to support the claims made in the pleadings, the Court's Order on Motion to Supplement the Administrative Record, issued yesterday, September 6, 2007, in large part denies Plaintiffs' requested relief, despite the absence of existing documentation within the Government's possession that is relevant to numerous fundamental facts raised by this Protest.

First, the documents that Plaintiffs request are essential to complete — rather than merely supplement — the existing Administrative Record. Plaintiffs ask that all documents be produced that were available to the Contracting Officer at the time the pertinent decisions were made about the contracts at issue. Plaintiffs have not requested, and are not now requesting, any documents other than those that are both currently in the Government's possession and that were in the Government's possession during all of the time periods relevant to the instant dispute. It defies reason for the Government to suggest, by its failure to include in the Administrative Record, that there exist no documents reflecting communications, either internally and/or with the awardees, that address the fundamental changes that would be needed because of the two and one-half-year delay in contract performance and that reflect negotiations with the awardees in order to minimize the impact of such a delay. Further, it is illogical for the Government not to provide documents that reflect the Contracting Officer's identification of the necessary changes to the Government's contract requirements as a result of the delay in commencement of contract performance. Since the Administrative Record reflects that there have been significant pricing

changes in the related Air Force contracts, common sense suggests that similar changes would apply in this dispute. However, there is nothing at all in the Administrative Record that provides information regarding whether or not such is the case.

The Government has now admitted that it has identified the need for some pricing increases that subsequently will be incorporated into these contracts. It is highly probable that existing documents and communications will disclose other changes needed to these contracts as a result of the extensive delay. For example, all the contracts were modified in 2006 by adding FAR 52.222-43 FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT — PRICE ADJUSTMENT Clause. It defies common sense to believe such a clause was added without consideration and discussion of the price increases that would necessarily follow due to the two and one-half years' delay.

Second, while Plaintiffs contend that cardinal change is not the only issue in this case, even were that to be true, these documents are necessary. All of the documents requested bear on the issue of the quantity and magnitude of the changes to the contracts in question which arise from the two and one-half years' delay. In other words, the Government's own characterization of Plaintiffs' case argues for production of these documents as well.

Third, Plaintiffs contend that the current contracts providing for a total contract period of five years commencing on October 1, 2007, constitute improper sole source contracts in violation of the Competition in Contracting Act. The documents representing the discussions between the Government and the contractors since the original contract award dates are essential to any fair determination of this protest issue. Such documents would disclose the extent to which the Government and contractors engaged in bilateral negotiations and will undoubtedly

disclose the extent of performance and cost changes caused by the extraordinary delay in commencing performance.

Fourth, Appendix C to the RCFC discusses the content of the Administrative Record in bid protest cases. Appendix C states, in pertinent part, "The core documents relevant to a protest case may include, as appropriate, … (h) the agency's estimates of the cost of performance; (i) correspondence between the agency and the protester, awardee, or other interested parties relating to the procurement; (j) records of any discussions, meetings, or telephone conferences between the agency and the protester, awardee, or other interested parties relating to the procurement…." RCFC Appendix C(VII). These documents are more than merely appropriate here; they are essential to a full and fair determination of the Agency's actions in negotiating commencement of contracts two and one-half years after award and extending the total contract period two and one-half years beyond the competitive pricing obtained.

Fifth, the Administrative Report, while appearing voluminous, is not. Approximately the last one-third of the Administrative Report is duplicative of other documents therein. Further, approximately one-half of the Administrative Report is merely the 2004 Solicitation and related documents. Moreover, even were the Administrative Report found to be voluminous, the Administrative Report remains woefully incomplete. As such, no matter the number of binders provided, the Government must be required to provide the remainder of those documents that it itself considered during the multi-year negotiations to delay commencement and extend the total contract period by 50%. If the Government does not produce these documents, neither Plaintiffs nor this Court can hope to engage in a complete review of the Agency's actions in this regard or a fair determination of the protest issues.

In addition to a reconsideration of Plaintiffs' Motion to Supplement the Administrative Record, Plaintiffs respectfully reiterate that a hearing is required to address the Government's refusal to include any of the above-mentioned documents.

Plaintiffs respectfully request that the Court grant their Motion in order to address the Government's need to complete and supplement the Administrative Record and to hold a hearing on supplementation of the Administrative Record by the production of existing documents reflecting information available to the Contracting Officer prior to executing each contract modification.

Dated: September 7, 2007

Respectfully submitted,

/s/ Lars E. Anderson
Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)
*Attorney of Record*

*Of Counsel:*

Peter A. Riesen
Keir X. Bancroft
Patrick R. Quigley
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)

MC1DOCS1/234212.01