# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| **CWT/ALEXANDER TRAVEL, LTD,**<br><br>**and**<br><br>**CWT/EL SOL TRAVEL, INC.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **Case No. 07-612**<br>**Judge Nancy B. Firestone** |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF AND HEARING ON PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC") and this Court's instructions, Plaintiffs CWT/Alexander Travel, LTD ("Alexander Travel") and CWT/El Sol Travel, Inc. ("El Sol") hereby reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration of and Hearing on Plaintiffs' Motion to Supplement the Administrative Record and Compel Discovery ("Defendant's Opposition"), filed on September 11, 2007.

Defendant's Opposition states that Plaintiffs' Motion for Reconsideration of and Hearing on Plaintiffs' Motion to Supplement the Administrative Record ("Motion for Reconsideration") "must fail because it is contrary to the Court's rules and unsupported by law." Defendant's Opposition at 1. However, Defendant itself fails to make either a persuasive legal or factual case for complete refusal of the basic documents that are required to be included in the Administrative

Record. Plaintiffs are therefore entitled to a complete Administrative Record so that both the Court and the Parties can adequately review material directly relevant to the issues in this case.

Defendant cites case law for the proposition that a motion for reconsideration is allowed when "necessary to prevent manifest injustice." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992). In this instance, for several reasons, manifest injustice *would* result from refusal to grant Plaintiffs' Motion for Reconsideration.

First, the documents that Plaintiffs have requested cannot be characterized as extraneous. These documents are fundamental to a review of *any* Government procurement and are required, not to supplement the Administrative Record, but merely to complete it. Therefore, manifest injustice would result, not only for this procurement in particular, but for the bid protest process in general, if the Government is allowed to refuse to produce the documents and information that were reviewed and/or generated by the Contracting Officer at the time the pertinent decisions were made about the contracts at issue. The same can be said of Plaintiffs' reasonable request for inclusion in the Administrative Record of all communications between the Government and the awardees or designates of the awardees regarding, among other things, commencement/delay of contract performance; potential or actual extension of the contract period, including options; any change or adjustment to locations requiring travel service; any change or adjustment to workload requirements at any location; or any of the other documents Plaintiffs have requested.

Second, Defendant premises its arguments on the faulty notion that the only possible documents of any interest to either party or this Court that have not been included in the Administrative Record are those that reflect actual modifications to the contracts at issue. Defendant's Opposition at 3. However, Plaintiffs have repeatedly made clear that central to this litigation is information in the Government's possession that would go to whether the basis for

negotiating only with AirTrak, Alamo, and WingGate five-year travel service contracts that commence on October 1, 2007 and extend through September 30, 2012, without competition, is proper. Id. Plaintiffs made clear that the matter revolves around the following: whether, the Government is in direct violation of the Federal Acquisition Regulation ("FAR") by soliciting contracts to cover the MEPS travel service requirements from April 1, 2005 through March 31, 2010, and subsequently negotiating contracts for MEPS travel services during the period from October 1, 2007 through September 30, 2012. The new contracts will necessarily include significant changes in workload requirements, labor and other cost increases, changes in technology and other factors that have occurred since competitive proposals were submitted in November 2004, and which will occur during the extended period from April 1, 2010 through September 30, 2012. Plaintiffs and other 2004 offerors never had an opportunity to compete for such contracts, nor did they have access to the post-2004 information available to the Government and awardees during the progressive modifications to these contracts. The Government's description of Plaintiffs' protest grounds as challenging a simple contract modification makes clear its refusal to come to terms with the issues in this case.

This inadequate characterization by the Government of Plaintiffs' protest grounds is perhaps most on display in the Government's discussion of the documents to be produced that are mentioned in RCFC Appendix C. The Government cites case law for the unremarkable proposition that the court cannot rewrite a solicitation to include a modification not agreed to by the parties to the original contract.[1] Government's Opposition at 6. However, this citation and

[1] The identification of the changes in performance requirements, increases in cost factors, and the need for further contract modifications that have been identified as a result of moving the five-year contract period by two and one-half years are relevant to the Government's decisionmaking process and as evidence of the magnitude of the differences between the 2004 procurement and the contracts that are about to commence.

the logic surrounding it are nonresponsive to the observation that the court's own rules contemplate production of the very type of documents the Government now refuses to include in the Administrative Record. Appendix C states, in pertinent part, "*The core documents* relevant to a protest case may include, as appropriate, ... (h) the agency's estimates of the cost of performance; (i) correspondence between the agency and the protester, awardee, or other interested parties relating to the procurement; (j) records of any discussions, meetings, or telephone conferences between the agency and the protester, awardee, or other interested parties relating to the procurement...." RCFC Appendix C(VII) (emphasis added). As Plaintiffs' Motion for Reconsideration stated, these documents are more than merely appropriate here; they are essential to a full and fair determination of the Agency's actions in negotiating commencement of contracts two and one-half years after award and extending the total contract period two and one-half years beyond the competitive pricing obtained.

Third, once again, even were the Government's assertion to be taken at face value that cardinal change is the only viable issue in this matter, all of the documents requested bear on the issue of the quantity and magnitude of the changes to the contracts in question, since they arise directly from the two and one-half years' delay. It is entirely unreasonable, as merely one of many examples, to suggest that documents regarding changes to awardees' key personnel proposed almost four years ago are unrelated to whether the fundamental bases for contract award have been altered.

In this case, the Solicitation itself acknowledges that the kind of details contained in these documents are essential to a complete understanding for the bases for award. In the 2004 procurement, the Agency acknowledged that certain information was essential for offerors to determine the resources needed to provide travel services to multiple MEPS locations spread

over multiple states and then calculate contract costs for a period that would end on March 31, 2010. Because of this, the Solicitation provided offerors with extensive workload data for each MEPS site, adjustments to locations requiring travel service, and other basic information so that offerors could reasonably prepare their technical and price proposals. That information and requirements have now changed, some of it dramatically, but the Government has refused to allow Plaintiffs or this Court access to any of it, or even identify the relevant documents being withheld.

Fourth, Defendant states that production of these essential documents would "require at least a month." Defendant's Opposition at 4. However, precisely because of the inordinate delay in commencing performance of these contracts, the Government should have these documents already at its disposal. Additionally, even if the Government was not on notice before, it should have been after June 18, 2007, the day that Plaintiffs filed their Agency-Level Protest on these same issues. In short, the Government has had ample time to collect and organize the documents that are directly relevant to this procurement, and such perceived difficulty should not be determinative of whether these essential documents are produced.

Moreover, if the start of new contracts to provide MEPS travel services is delayed beyond October 1, 2007, to adequately adjudicate this Protest or to conduct the required competitive procurements, the MEPS will continue to receive adequate service under the current contracts that are being extended.

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion for Reconsideration in order to address the Government's need to complete and supplement the Administrative Record by the production of existing documents reflecting information available to the Contracting Officer prior to executing each contract modification.

Dated: September 14, 2007

Respectfully submitted,

/s/ Lars E. Anderson

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)
*Attorney of Record*

*Of Counsel:*

Peter A. Riesen
Keir X. Bancroft
Patrick R. Quigley
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)

## CERTIFICATE OF SERVICE

Plaintiffs have filed this document electronically via the ECF electronic filing Website of the United States Court of Federal Claims and in accordance with para. 19 of General Order 42A of the Court of Federal Claims have, therefore, served notice on counsel of record for Defendant.

Dated: September 14, 2007

Respectfully submitted,

/s/ Lars E. Anderson

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)
*Attorney of Record*

MC1DOCS1/234523.01